UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JEREMIE HOLDER, NEILSEN JOHN, and
JEANNA JOHN,

|  |  |
|---|---|
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| -against- | **14 CV 3523 (KAM) (MDG)** |
| THE CITY OF NEW YORK, POLICE OFFICER PATRICK BROWNE (TAX 951471), POLICE OFFICER ALEXANDER DURAN (TAX 950360), SERGEANT JAMES O'CONNOR (TAX 924723), and JOHN DOES 1-10, | **JURY TRIAL DEMANDED** |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiffs, Jeremie Holder, Neilsen John, and Jeanna John, by their attorneys,

Reibman & Weiner, as and for their First Amended Complaint, hereby allege as follows, upon

information and belief:

### PARTIES, VENUE, and JURISDICTION

1.      Plaintiffs, Jeremie Holder and Neilsen John, are adult male residents of

Queens County, within the State of New York.

2.      Plaintiff, Jeanna John, is an adult female resident of Queens County,

within the State of New York.

3.      At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees, and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

1

4.      At all relevant times hereinafter mentioned, defendant, POLICE OFFICER PATRICK BROWNE (TAX 951471), was an adult male employed by the City of New York as a member of the NYPD assigned to the 107th Precinct.  Defendant Browne is sued herein in his official and individual capacities.

5.      At all relevant times hereinafter mentioned, defendant, POLICE OFFICER ALEXANDER DURAN (TAX 950360), was an adult male employed by the City of New York as a member of the NYPD assigned to the 107th Precinct.  Defendant Browne is sued herein in his official and individual capacities.

6.      At all relevant times hereinafter mentioned, defendant, SERGEANT JAMES O'CONNOR (TAX 924723), was an adult male employed by the City of New York as a member of the NYPD assigned to the 107th Precinct.  Defendant Browne is sued herein in his official and individual capacities.

7.      At all relevant times hereinafter mentioned, defendants JOHN DOES 1-8, were adult males employed by the City of New York as a members of the NYPD assigned to the 107th Precinct whose identities are currently unknown to the plaintiffs.  The Doe defendants are sued herein in their official and individual capacities.

8.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

9.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

10.      That plaintiffs timely served a Notices of Claims on the municipal

2

defendant and complied with all conditions precedent to commencing an action under state law.

11.     At least thirty days have elapsed since service of plaintiffs' Notices of Claims and adjustment and payment thereof has been neglected or refused.

12.     That the within action has been initiated within one year and ninety days of the accrual of plaintiffs' claims pursuant to New York State Law.

## RELEVANT FACTS

13.     On November 15, 2013 (the "Date of the Arrest"), at approximately 7:00 p.m., plaintiffs Jeremie Holder and Jeanna John were lawfully present in front of 84-21 Chapin Parkway (the "Scene of the Arrest"), Queens, New York, with the permission of Ms. John's daughter, who lives at the premises.

14.     Plaintiff, Neilsen John, was inside of the premises, where he also lives.

15.     Neilsen John is the nephew of plaintiffs Jeanna John and Jeremie Holder, who are married to each other.

16.     At this time, the defendants were also at the scene of the arrest.

17.     Plaintiffs were not engaged in any unlawful or suspicious activity.

18.     Plaintiff, Jeanna John, attempted to inquire and ask the defendants why they were at her daughter's house.

19.     In response, Ms. John, who was pregnant at the time, was seized and pushed multiple times by the defendants, causing her to fall, sustain pain, and caused her to fear for the health of her unborn child.

20.     She sought medical attention thereafter.

21.     Plaintiff, Jeremie Holder, was lawfully present in front of the scene of the

3

arrest in his car.

22.     Without any legal justification or excuse, defendant Duran approached the driver's side of plaintiff's vehicle, reached through the window, and grabbed plaintiff Jeremie Holder's thumb using excessive force, intentionally breaking Holder's tumb and causing him to sustain other injuries.

23.     Without any legal justification or excuse, the defendants, including defendant Duran, then forcibly removed Mr. Holder from his vehicle, placed him in handcuffs, and arrested him.

24.     The defendants continued to use excessive force against Mr. Holder by kicking and striking him on his body, causing him to sustain pain and physical injuries.

25.     At no time did any of the plaintiffs engage in any violent or threatening behavior, nor did they resist arrest.

26.     Plaintiff, Neilsen John, was also lawfully present at the scene of the arrest and was using his cell phone to video record the defendants' attack on plaintiff Holder.

27.     Without any legal justification or excuse, the defendants, including defendant O'Connor, approached plaintiff, Neilsen John, pushed him to the ground, assaulted him, and took his phone, which he was using to record the incident described herein.

28.     In doing so, the defendants caused Mr. John to sustain several physical injuries requiring medical attention

29.     Although Mr. John was taken into custody and the defendants confiscated his phone, this item was never recorded on a property voucher and was never returned to plaintiff John.

4

30.     Despite the absence of any evidence of wrongdoing on the part of plaintiffs, and despite the fact that there was no legal basis to detain, much less search plaintiffs, the individual defendants searched plaintiffs Neilsen John and Jeremie Holder.

31.     The search yielded no evidence of any guns, drugs, or contraband.

32.     Despite the absence of any evidence of wrongdoing on the part of plaintiffs, the defendants formally arrested plaintiffs Neilsen John and Jeremie Holder.

33.     The two male plaintiffs were then transferred to a local area precinct believed to be the 107th Precinct, where they were held for several hours.

34.     While in custody, Mr. John was taken to Queens Hospital Center to receive treatment for the injuries he sustained at the hands of the defendants.

35.     Mr. John was then taken back to the 107th Precinct before he was transferred to Queens County Central Booking.

36.     Defendant Holder was also transferred from 107th Precinct to Queens County Central Booking.

37.     Both plaintiffs were held at Queens County Central Booking for several hours before they were arraigned on criminal complaints containing false allegations supplied by defendant Browne, and made on the basis of statements provided by defendants Duran and O'Connor.

38.     Plaintiff Holder's charges were dismissed at his arraignment and he was released from custody.

39.     Plaintiff John was given a future court date and released from custody.

40.     Plaintiff John was forced to make several court appearances before he

5

acceded to an adjournment in contemplation of dismissal.

41.     Accordingly, his charges were dismissed in his favor.

42.     While plaintiffs were in defendants' custody, the defendants created or caused the creation of paperwork memorializing false factual allegations.

43.     Specifically, defendant Browne made several false allegations in the criminal complaint against plaintiff Jeremie Holder including, but not limited to, the allegation that he was "obstructing vehicular traffic with his vehicle and refused to move after being instructed to do so by the deponent."

44.     Defendant Browne also made several false allegations in the criminal complaint against defendant Neilsen John, including, but not limited to, that allegation that he "attempted to intervene during the arrest of an apprehended other."

45.     Although plaintiff Jeremie Holder's charges were dismissed at his arraignment, plaintiff Neilsen John was prosecuted pursuant to false allegations that he interfered with the lawful arrest of Mr. Holder.

46.     These and other allegations were false and defendant Browne knew them to be false when he made them.

47.     The defendants made or brought about these false allegations with the understanding that the false allegations would justify their illegal search and seizure of plaintiffs, and the force used against each of them, and that they would be transmitted to the Queens County District Attorney ("QCDA") so that the QCDA would commence the criminal prosecution of the plaintiff.

48.     The false allegations were then, in fact, transmitted or otherwise

communicated to the QCDA.

49.     After he was released from custody, plaintiff Jeremie Holder sought treatment for the injuries he sustained at the hands of the defendants named herein, and he was diagnosed with a fractured left thumb.

50.     It was objectively unreasonable for the defendants to arrest plaintiffs, to seize plaintiff Jeanna John, or to use force against any of the plaintiffs, since there was no probable cause or reasonable basis to suspect that any of them had engaged in any unlawful activity.

51.     At no time did there exist any basis to utilize any level of force against plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

52.     At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiffs.

53.     The individual defendants, including the Doe defendants, intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

54.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**BY JEREMIE HOLDER FOR FALSE ARREST**
**AGAINST DEFENDANT DURAN, DEFENDANT BROWNE,**
**AND THE DOE DEFENDANTS**

55.     Plaintiff, Jeremie Holder, repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

56.     Defendants, including defendants Duran and Browne, willfully and intentionally seized, searched, imprisoned and falsely arrested plaintiff, Jeremie Holder, all without probable cause or a reasonable basis to believe such cause existed.

57.     By so doing, the individual defendants, including defendants Duran and Browne, subjected the plaintiff, Jeremy Holder, to false arrest and imprisonment, unlawful searches of person and property, denial of due process, and malicious use and abuse of process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

58.     By reason thereof, the individual defendants, including defendants Duran and Browne, have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**
**BY JEREMIE HOLDER FOR EXCESSIVE FORCE**
**AGAINST DEFENDANT DURAN**
**AND THE DOE DEFENDANTS**

59.     Plaintiff, Jeremie Holder, repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

60.     Defendants, including defendant Duran, willfully and intentionally subjected plaintiff, Jeremie Holder, to assault, battery, and physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary

61.     By so doing, the individual defendants, including defendant Duran, subjected plaintiff, Jeremie Holder, to assault, battery, excessive force, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

62.     By reason thereof, the individual defendants, including defendant Duran, have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION
### BY NEILSEN JOHN FOR FALSE ARREST
### AGAINST DEFENDANT O'CONNOR, DEFENDANT BROWNE
### AND THE DOE DEFENDANTS

63.     Plaintiff, Jeremie Holder, repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

64.     Defendants, including defendants Browne and O'Connor, willfully and intentionally seized, searched, imprisoned and falsely arrested plaintiff, Neilsen John, all without probable cause or a reasonable basis to believe such cause existed..

65.     By so doing, the individual defendants, including defendants Browne and

9

O'Connor, subjected the plaintiff, Neilsen John, to false arrest and imprisonment, excessive

force, unlawful searches of person and property, denial of due process, and malicious use and

abuse of process, and thereby violated, conspired to violate, and aided and abetted in the

violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States

Constitution.

66.     By reason thereof, the individual defendants, including defendants Browne

and O'Connor, have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and

physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his

constitutional rights.

### FOURTH CAUSE OF ACTION
### BY NEILSEN JOHN FOR EXCESSIVE FORCE
### AGAINST DEFENDANT O'CONNOR
### AND THE DOE DEFENDANTS

67.     Plaintiff, Neilsen John, repeats the allegations contained in each of the

foregoing paragraphs as though stated fully herein.

68.     Defendants, including defendant O'Connor, willfully and intentionally

subjected plaintiff, Neilsen John, to assault, battery, and physical force in excess of what was

reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so

without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or

necessary

69.     By so doing, the individual defendants, including defendant O'Connor,

subjected plaintiff, Neilsen John, to assault, battery, excessive force, and thereby violated,

10

conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

70.     By reason thereof, the individual defendants, including defendant O'Connor, have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**FIFTH CAUSE OF ACTION**
**BY JEANNA JOHN FOR FALSE ARREST**
**AGAINST THE DOE DEFENDANTS**

71.     Plaintiff, Jeanna John, repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

72.     Defendants, including the Doe defendants, willfully and intentionally seized, searched, imprisoned and falsely arrested plaintiff, Jeanna John, all without probable cause or a reasonable basis to believe such cause existed.

73.     By so doing, the individual defendants, individually and collectively, subjected the plaintiff, Jeanna John, to false arrest and imprisonment, excessive force, unlawful searches of person and property, denial of due process, and malicious use and abuse of process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

74.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SIXTH CAUSE OF ACTION
## BY JEANNA JOHN FOR EXCESSIVE FORCE
## AGAINST THE DOE DEFENDANTS

75.     Plaintiff, Jeanna John, repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

76.     The defendants willfully and intentionally subjected plaintiff, Jeanna John, to assault, battery, and physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

77.     By so doing, the individual defendants, individually and collectively, subjected plaintiff, Jeanna John, to assault, battery, excessive force, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

78.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SEVENTH CAUSE OF ACTION
## BY THE PLAINTIFFS
## AGAINST THE CITY OF NEW YORK

79.     Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

80.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

12

81.    Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

82.    The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

83.    All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

84.     The aforementioned customs, practices, procedures, and rules of the City

and the NYPD include, but are not limited to, the following unconstitutional practices:

a.     Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.     Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.     Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.     Retaliating against officers who report police misconduct; and

e.     Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

85.     The existence of aforesaid unconstitutional customs and policies may be

inferred from repeated occurrences of similar wrongful conduct, as documented in the following,

non-exhaustive list of civil actions:

a.     *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b.     *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.     *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d.     *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.     *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);
f.     *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.     *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.)

h.     *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

i.      *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.      *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.      *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.      *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m.      *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n.      *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o.      *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.      *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

q.      *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

r.      *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.      *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

86.     In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

87.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

88.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

89.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## EIGHTH CAUSE OF ACTION
## BY THE PLAINTIFFS AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK VIA *RESPONDEAT SUPERIOR*

90.     Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

91.     Plaintiffs were subjected to assault, battery, false arrest, excessive force, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

92.     At no time did defendants have any legal basis for seizing or arresting plaintiffs, subjecting them to excessive force, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

16

93.     The individual and municipal defendants are therefore liable under New York law to plaintiffs for assault, battery, false arrest, excessive force, denial of due process and fair trial.

94.     By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i.      On the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.     On the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.    On the Seventh Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.     On the Eighth Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v.      On the Eighth Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi.     On the Eighth Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

vii.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

viii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
          October 15, 2014

By:            /s/
        Jessica Massimi (JM-2920)
        Reibman & Weiner
        Attorneys for Plaintiff
        26 Court Street, Suite 1808
        Brooklyn, New York 11242
        (718) 522-1743

18